UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY CARROLL ANTHONY,

        Plaintiff,                      CIVIL ACTION NO. 08-12923

        v.                              DISTRICT JUDGE MARIANNE O. BATTANI

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
                                      /

**REPORT AND RECOMMENDATION**

      This matter is before the court on the motion of the government to dismiss this case as filed outside of the 60 day time period.  For the reasons discussed in the Report, it is recommended that the motion be granted and the case be dismissed with prejudice.

      Plaintiff filed an action in 2004 for Childhood Supplemental Security Income (SSI) for her son.  A hearing was held in January 2006 and in September 2006, benefits were denied by the ALJ.  Plaintiff timely appealed to the Appeals Council.  On January 9, 2008, the Appeals Council sent to plaintiff a notice of its denial of plaintiff's request for review of the ALJ's decision.  This was the "final decision" of the agency.  Accompanying the denial was a letter that she had the right to commence a civil action in the district court within 60 days from the time she received the letter.  The letter further advised that receipt would be presumed within 5 days and if the complaint could not be filed in 60 days, plaintiff could request an extension.  In order to be

timely filed, the complaint would have to have been filed on or before March 14, 2008.  Plaintiff filed the complaint by herself on behalf of her son July 8, 2008.

*1. Plaintiff's Complaint is Untimely*

Judicial review of final decisions for social security claims is provided for, and limited by, 42 U.S.C. § 405(g) and (h).  The remedy is exclusive and requires that review may only be had by filing a civil action within 60 days of the receipt of the denial.  A five-day time period is assumed for receipt after mailing.

There are valid policy reasons for such a limitation–"to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually."  *See, Bowen v. City of New York*, 476 U.S. 467, 481 (1986), but in any event, the court must adhere to the statute.  Such requirements are fundamental to the waiver of sovereign immunity and provide the exclusive manner to challenge the agency denial as a matter of law.  See, *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).  When such complaint is filed late, the action is subject to dismissal for failure to state a claim upon which relief can be granted.  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  This circuit has upheld such 60 day limitation period in *Biron v. Harris*, 668 F.2d 259, 260-61 (6th Cir. 1982).

*2. No Circumstances Justify Equitable Tolling*

Plaintiff did not request an extension of time to file the civil action and has not alleged failure to receive the notice of the Appeals Council's decision within 5 days.

Thus, the complaint must be dismissed with prejudice.

Accordingly, it is recommended that the defendant's motion to dismiss be granted, and the complaint dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                  s/Virginia M. Morgan
                                  Virginia M. Morgan
                                  United States Magistrate Judge

Dated: March 4, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing report and recommendation on motion to dismiss was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 4, 2009.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan